DS133121

**ORIGINAL**

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2021 AUG 13 PM 12: 11

DEPUTY CLERK _V_

CAUSE NO. _____

| | | |
|---|---|---|
| PAMELA CASTON | § | IN THE US NORTHERN |
| Plaintiff | § | DISTRICT COURT |
| | § | |
| v. | § | DALLAS, TEXAS |
| | § | |
| MCAFEE | § | US JUDICIAL DISTRICT |
| Defendant | § | |

**3-21CV1890-G**

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF THIS COURT:**

**COMES NOW** Pamela Caston, hereinafter "Plaintiff," and files this petition complaining of the City of Northern Texas, and specifically MCAFEE, hereinafter "Defendant," and in support respectfully shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2

### PARTIES AND SERVICE

2. Plaintiff is an African American female of more than Forty years of age with whose address is 13330 Noel Rd., Dallas, TX 75240. The last three numbers of Plaintiff's social security number are 271.

3. Defendant is a municipality located at 5000 Headquarters Dr., Plano, TX 75024, which parent company address is: 6220 America Center Drive, San Jose, CA 95002. where the

Defendant may be served by stated address above, certified mail, return receipt requested in accordance with Section 17.024 of the Texas Civil Practice and Remedies Code.

## JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional of this Court.

5. Jurisdiction and Venue in Northern Texas District Court is proper in this cause pursuant to Middle, Tennessee, District Court Bishop vs. Woodbury, April 10, 2010.

## STATEMENT OF FACTS

6. Plaintiff worked for MCAFEE from APRIL 2018 TO APRIL 2019 when she was terminated from her Consume Revenue Accounting Manager position. Plaintiff has an excellent performance history, including recognition and the recipient of financial rewards.

7. Plaintiff was one of the few African American women in the finance and accounting workplace with most of her coworkers and upper management being predominately white men and women.

8. Plaintiff was denied equal pay, while a Caucasian male and female with the same title received up to 40% more in compensation, including a Caucasian male with no relevant experience and three and half years into his accounting career, was being compensated $3,000.00 less than Plaintiff, an accounting manager with more than 15 years of experience and ten years of relevant experience.

9. Plaintiff discussed retaliation and equal pay concerns to Human Resources from September 2018 until January 2019. Rather than receiving a resolution, Plaintiff was ostracized and isolated.

10. Plaintiff was abruptly taken off a high-profile project and made to report to her same title yet perform the same task. This demotion from the project and new reporting structure was a result of Plaintiff's conversation with upper management of concerns around this high-profile project.

11. Plaintiff experienced stress and anxiety that caused her to seek medical attention which resulted in plaintiff's being prescribed anxiety and anti-depression medication for the first time in her life. Plaintiff's therapist wanted to have her hospitalized due to the level of emotional trauma from the work-related stress and anxiety from August 2018 to February 2019.

12. Plaintiff manager didn't' provide her notice of a new reporting structure and refused to have any communication with plaintiff creating a very hostile work environment. Plaintiff raised this issue with Human Resource, yet the behavior continued without remedy.

13. Plaintiff performed her task with due diligence and professionalism and received several verbal acknowledgments and received written recognition with a monetary reward from her internal customers. Plaintiff knowledge of contract language and account analysis made her a go to person within the department; however, Plaintiff same titled manager was allowed to speak to her with a very un-professional and threatening tone that raised her blood pressure so high, as well as, increased her anxiety levels that she was placed under doctor's care until plaintiff was fired on April 4, 2019.

14. While Plaintiff was under doctor's care, her same titled manager would reach out to her regarding work and reprimanded her for not responding to his emails or calls.

15. Plaintiff was final reviewer and approver for defendant's Consumer and Enterprise OEM contracts, prior to execution, and was responsible for contract memos used by internal and external customers of defendant to ensure compliance per defendant's SOX controls. Plaintiff

was a leader under her Senior Director on defendant's high-profile project performing very complicated analysis and managing the onboarding of contractors, meetings, purchase orders and the business requirements document for this highly visible project that took priority over all other projects of the defendant. Plaintiff knowledge and years of experience reviewing contract language was required to ensure the defendant's contracts being entered into or executed were compliant per the new Generally Accepted Accounting Principles guidance for recognition of revenue for Customer Contracts knows as Accounting Standard Codification (ASC) 606. The Plaintiff also performed the completeness tie-out for defendant's entity that would be used to perform completeness for all entities. These tasks were performed by Plaintiff in addition to assisting her same title with review of monthly reconciliations and journal entries. The Caucasian managers didn't perform the task of contract reviews prior to execution, drafting technical memos and functioning as lead on the defendant's highly visible ASC 606 project, except for a couple of contract reviews performed by Plaintiff same title manager.

16. Plaintiff hasn't been able to secure equal or same title permanent roles after having been fired by defendant and filing EEOC claim.

17. Plaintiff initially filed #450-2019-02640 on April 4, 2019 with EEOC Dallas office- based on discrimination based upon race, harassment, hostile work environment, disparate treatment, violation of the Libby Ledbetter act of 2009, equal pay for woman, retaliation.

18. Plaintiff was not included in defendant's company-wide Gender Gap Pay Parity which had been achieved and communicated by defendant's CEO Chris Young via a business wire and company-wide email April 2, 2019. Based on the approach taken to accomplish this achievement, Plaintiff should have been considered for equal pay adjustment, but wasn't included in the gender gap pay parity though Plaintiff is an African American female over 40 with the same title as her Caucasian manager.

CAUSE OF ACTION

19. Defendant violated Section 704(a) of Title VII of the Civil Rights Act of 1964 and The Libby Ledbetter Act of 2009, Equal Pay for Women, a woman who is in a protected class by discriminating against the Plaintiff, and discrimination based upon race and the plaintiff was

discharged from her employment due to their (defendant)'s own unfair payment to a woman, gender discrimination on the basis of her sex, and the basis of race, and disparate Treatment and retaliation.

## DAMAGES

20. Plaintiff seeks compensatory damages in an amount consistent with Chapter 21 of the Texas Labor Code of a defendant with more than 500 employees, including damages for lost back pay, future wages, pain and suffering, mental anguish, and loss of enjoyment of daily life.

21. Plaintiff seeks reasonable attorney's fees, court costs, expert fees reasonably incurred, and pre- and post-judgment interest at the maximum rate allowed, as permitted by Chapter 21 of the Texas Labor Code.

22. Plaintiff seeks equitable relief in the form of an injunction prohibiting Defendant from engaging in the unlawful employment practice and other additional equitable relief as may be appropriate including, but not limited to, upgrading or promoting Plaintiff to a higher rank with back pay for the maximum period allowed under Chapter 21 of the Texas Labor Code.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

**THEREFORE,** Plaintiff Pamela Caston respectfully requests that Defendant be cited to appear and answer, and that on trial Plaintiff be awarded:

1. Judgment against Defendant for damages in an amount within the jurisdictional limits of Court and in accordance with the damages described herein;

2. Pre- and post-judgment interest on that amount at the maximum legal rate;

3. Reasonable attorney's fees, expert fees, and court costs; and

4. Equitable remedy within the Court's power; and

5. Any other relief to which Plaintiff may be entitled.

6. Plaintiff request reasonable damages in the amount of $475,000 as a relief.

Respectfully submitted,

/s/ *[signature]*
Pamela Caston

Date: August 13, 2021

### Certificate of Service

I, certify that a true and correct copy of the above document will be served, within a reasonable and required amount of time, on the Northern District of Texas, through its MCAFEE, INC. location at 5000 Headquarters Blvd, Dallas, Tx 75240 and/or to its parent headquarters at 6220 America Center Drive, San Jose, CA 95002, by United States certified mail with return receipt requested.

/s/ *[signature]*

Pamela Caston
13330 Noel Rd
Dallas, TX 75240
Phone: (469-222-2797
Email: caston@sbcglobal.net

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

**Pamela D. Caston**
Plaintiff

v.

**McAfee**
Defendant

Civil Action No. _____

**COMPLAINT**

Discrimination and violation of my protected rights (race, sex and age) under section 704(a) of the Title VII of the Civil Rights Act of 1964 and the Lilly Ledbetter Act of 2009, Equal Pay for Women.

* Attach additional pages as needed.

Date: 8/13/21
Signature: [signed]
Print Name: Pamela Caston
Address: 13330 Noel Rd #1028
City, State, Zip: Dallas, TX 75240
Telephone: 469·222·2797

JS 44 (Rev. 10/20) - TXND (10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DEFENDANTS

**3-21CV1890-G**

(b) County of Residence of First Listed Plaintiff: **Dallas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Collin**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

RECEIVED AUG 13 2021
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- [X] 442 Employment
- 443 Housing/Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District (specify)
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Discrimination based on race, age and sex
Brief description of cause:
Violation of Section 704(a) of Title VII of Civil Rights Act of 1964

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ **475,000**
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____