IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAMELA CASTON, § | |
|    PLAINTIFF, § | |
| § | |
| V. § | CIVIL NO. 3:21-CV-1890-G-BK |
| § | |
| MCAFEE, § | |
|    DEFENDANT. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to *Special Order 3* and 28 U.S.C. § 636(b), *Defendant's Motion to Dismiss or, in the Alternative, Stay and Compel Arbitration*, Doc. 8, and Plaintiff's *Denial of McAfee Motion to Dismiss*, Doc. 10, are now before the Court for findings of fact and a recommended disposition. For the reasons stated herein, Defendant's motion should be **GRANTED**, and Plaintiff's motion should be **DENIED**.

### I. BACKGROUND

Plaintiff initiated this civil action by filing a *pro se* complaint on August 13, 2021. Doc. 3. As liberally construed, she alleges that while employed by Defendant McAfee, she was subjected to a hostile work environment and wrongfully terminated because of her race and gender, in violation of Title VII. Doc. 3 at 3-5. She also contends she was denied equal pay due to her gender, as is proscribed by the Lilly Ledbetter Fair Pay Act. Doc. 3 at 4-5.

On November 1, 2021, Defendant filed the motion *sub judice*, moving to dismiss Plaintiff's claims and compel arbitration or, alternatively, to stay the district court proceedings pending the outcome of arbitration. Doc. 8. Plaintiff responds that the Court has jurisdiction

over her claims and requests "[t]hat the case remain active until the arbitration is over" in the event she does not prevail in arbitration. Doc. 10 at 2.

## II. APPLICABLE LAW

The purpose of the Federal Arbitration Act ("FAA") is to promote federal public policy favoring arbitration and to ensure that arbitration agreements are enforced like any other contract. *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). The FAA provides, in part:

> A written provision in any [. . .] contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 (2012). Accordingly, once a court finds an agreement to arbitrate between the parties, the court is restricted to enforcing the agreement. *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). The FAA also dictates that any doubts concerning the scope of arbitration should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983). Under the FAA, a written arbitration agreement is prima facie valid and must be enforced unless the party opposing arbitration alleges and proves that the arbitration clause was a product of fraud, coercion, or any other legal or equitable grounds sufficient to revoke the contract. *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 341 (5th Cir. 2004) (citation omitted).

When considering a motion to compel arbitration, a court determines (1) the existence of a valid agreement among the parties to arbitrate the dispute, and (2) whether the dispute falls within the scope of the agreement. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,

2

473 U.S. 614, 626-27 (1985); *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 205 (5th Cir. 2012).

### III. ANALYSIS

The *McAfee Mutual Arbitration Agreement* ("Agreement") at issue here provides:

> You and the Company agree that all claims or disputes arising out of or relating to, or in connection with the construction, meaning, or effect of this Agreement; any policy or procedure with the Company; any offer letter, compensation agreement, proprietary rights or nondisclosure agreement or employment agreement; your employment; or your separation from the Company; shall be submitted to binding resolution in arbitration with the American Arbitration Association ("AAA") before one neutral arbitrator admitted to practice law at least 15 years and who is a former judge.  The scope of this provision is intended to be all-encompassing of any disputes or claims relating to your employment with the Company, including disputes or claims concerning your compensation, terms and conditions of employment, discrimination, harassment or retaliation under any United States Federal, state or local anti-discrimination laws, the formation, validity, interpretation, effect or alleged violations of this Agreement, the arbitrability of any dispute or claim (except as provided in Section 1(d)), any United States Federal, state or local statutory or common law claim, contract claims, tort claims, breach of duty claims and claims of any other sort.

Doc. 8-1 at 6.  The Agreement reflects it was electronically signed by Plaintiff on March 29, 2018.  Doc. 8-1 at 10.

Plaintiff's employment discrimination and fair pay claims clearly fall under the arbitration provision of the Agreement.  Additionally, Plaintiff does not contend that she did not sign the Agreement or that she was induced to do so by fraud, duress, or unconscionability.  *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010).  Indeed, upon review of Defendant's motion to dismiss, Plaintiff's denial (construed as her response), Defendant's reply, Doc. 11, and Defendant's *Notice of Arbitration Filing* (indicating that Plaintiff "has filed a demand for arbitration with the[AAA]"), Doc. 12, there is no apparent dispute among the parties that the

Agreement is both valid and enforceable. The only disagreement is whether a dismissal or stay of this case is appropriate.

When a dispute is subject to an arbitration agreement, the "proper course of action is usually to stay the proceedings pending arbitration." *Ruiz v. Donahoe*, 784 F.3d 247, 249 (5th Cir. 2015). However, dismissal may be appropriate "'when all of the issues raised in the district court must be submitted to arbitration.'" *Id.* at 249-50 (citing *Alford v. Dean Witter Reynolds, Inc*., 975 F.2d 1161, 1164 (5th Cir. 1992)) (emphasis omitted) (district court acted within its discretion to dismiss case with prejudice, where all claims were subject to arbitration).

In this case, all of Plaintiff's claims are subject to arbitration pursuant to the parties' Agreement because, even under the most liberal construction, Plaintiff alleges only employment discrimination under Title VII and unequal pay under the Lilly Ledbetter Fair Pay Act. *See* Doc. 8-1 at 6. (Agreement is "all-encompassing of any disputes or claims relating to your employment with the Company, including disputes or claims concerning your compensation, terms and conditions of employment, discrimination, harassment or retaliation under any United States Federal, state or local anti-discrimination laws . . ."). Thus, dismissal, rather than a stay, is appropriate.

## IV. CONCLUSION

*Defendant's Motion to Dismiss or, in the Alternative, Stay and Compel Arbitration*, Doc. 8, should be **GRANTED** to the extent set forth above, Plaintiff's *Denial of McAfee Motion to*

4

*Dismiss*, Doc. 10, should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

      **SO RECOMMENDED** on April 13, 2022.

                              RENEE HARRIS TOLIVER
                              UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

5